UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PLYMOUTH CAPITAL, LLC, and :
CHRISTIAN JOHN WOODCOCK, :
 :
                       Plaintiffs, :
 : **ORDER OF REMAND**
           -against- : 18-cv-6316 (DLI) (CLP)
 :
MONTAGE FINANCIAL GROUP, INC., and :
BRETT M. SMITH, :
 :
                       Defendants. :
-------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

On November 6, 2018, Defendant Montage Financial Group, Inc., ("Montage") removed this case from the New York State Supreme Court, Kings County. (*See*, Notice of Removal, Docket Entry No. 1 (the "Notice")). The Notice asserts that this Court has subject matter jurisdiction over this action based on the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

On May 3, 2019, the Court ordered Montage to show cause why this action should not be dismissed for lack of subject matter jurisdiction due to its failure to establish the citizenship of the members of the plaintiff limited liability company. (Docket Entry No. 22.)

On May 20, 2019, Montage responded. (Docket Entry No. 24.) Montage alleges that plaintiff Plymouth Capital, LLC ("Plymouth") is a single member limited liability company with plaintiff Christian John Woodcock ("Woodcock") as its sole member. Montage further alleges that Woodcock is a citizen of Connecticut, and, therefore, so is Plymouth. For its part, Montage states it is a Nevada s-corporation with its principal place of business in California.

However, as to co-defendant, Brett M. Smith ("Smith"), Montage previously alleged that he is a citizen of Connecticut. (Notice ¶ 11.) Curiously, upon notifying the Court that plaintiffs are citizens of Connecticut, Montage now alleges Smith is a citizen of New York based solely on the

allegation that Smith's "last known residence" is an apartment located in Brooklyn, New York and Plaintiff's process server "confirmed with another tenant that Smith indeed resides" there. (Docket Entry 24.) Even if the Court were to assume this to be true, Montage has not pled citizenship properly as residence does not establish citizenship. A party seeking to invoke the jurisdiction of this Court under diversity jurisdiction must allege the *citizenship* of natural persons, not simply where they reside. *See*, *Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) ("It is well established that [a] statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens.") (internal quotations and citations omitted).

Moreover, even if the Court were to assume that Smith is citizen of New York, removal in this case was improper because of the forum defendant rule. Generally, any civil suit initiated in state court over which a district court would have had original jurisdiction "may be removed by . . . the defendants, to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1441 permits removal on the basis of either federal question jurisdiction or diversity of citizenship. *See*, *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998). Where, as here, the only basis for federal subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, "the forum defendant rule applies." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018). Under that rule, which is set out at 28 U.S.C. § 1441(b)(2), a suit that is "otherwise removable solely on the basis of ... [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See*, *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–05 (2d Cir. 2019).

In Montage's Notice, it alleged that Smith is a citizen of Connecticut, citing plaintiffs' complaint. (Notice of Removal ¶ 11.) Now that Montage has discovered that Plaintiffs are citizens of Connecticut, it alleges that Smith is a citizen of New York. While Montage is not permitted to plead jurisdiction in the alternative, it is true that, regardless of which state Smith is domiciled, Connecticut or New York, jurisdiction is lacking. Were Smith a citizen of New York, removal would be improper under the forum defendant rule, and were he a citizen of Connecticut, diversity would be lacking.

Accordingly, the Court finds that Montage has failed to meet its burden of establishing that this Court has subject matter jurisdiction over this case. For the reasons set forth above, this case is remanded to New York State Supreme Court, Kings County, under Index No. 518689/2018.

SO ORDERED.

DATED:     Brooklyn, New York
              August 20, 2019

                                      _____/s/\_
                                     _____
                                         DORA L. IRIZARRY
                                     United States District Judge